

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2002

# USA v. Edwards

Precedential or Non-Precedential: Precedential

Docket No. 02-1847

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Edwards" (2002). *2002 Decisions.* Paper 663.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/663

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed October 21, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1847

UNITED STATES OF AMERICA

v.

ROBERT ALLEN EDWARDS,
a/k/a FIDEL SALIM,
a/k/a JAMES F. WINTER, III,
a/k/a CHARLES KING,
a/k/a DONALD W. COLEMAN
          Ronald Allen Edwards,
          Appellant

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Criminal No. 97-cr-00117-01)
District Judge: Honorable Edmund V. Ludwig

Submitted Under Third Circuit LAR 34.1(a)
on September 3, 2002

Before: RENDELL, ALDISERT and GREENBERG,
Circuit Judges.

(Filed: October 21, 2002)


 OPINION OF THE COURT

PER CURIAM:

Robert Allen Edwards appeals the District Court's denial
of his post-judgment motion seeking a sentence reduction
on the basis of Amendment 634 to the United States
Sentencing Guidelines. Because the District Court's
disposition of Edwards' motion was proper, we will affirm
its order denying his request to modify his term of
imprisonment.

On July 25, 1997, Edwards pled guilty to one count of
conspiracy to counterfeit and forge securities and launder
money, one count each of bank fraud and criminal
forfeiture, and eight counts of money laundering. Edwards'
motion for a downward departure pursuant to 18 U.S.C.
 3553(b) was denied, and he was subsequently sentenced
to 84 months imprisonment, five years of supervised
release and was ordered to pay restitution. On appeal, we
reversed Edwards' sentence and remanded solely for re-
sentencing on the issue of restitution. United States v.
Edwards, 162 F.3d 87 (3d Cir. 1998). Upon re-sentencing,
the District Court vacated the restitution component and
reimposed Edwards' original sentence. Edwards thereafter

filed a motion pursuant to 28 U.S.C. 2255, arguing that: (1) his guilty plea was not entered knowingly and voluntarily; (2) his sentence was improperly enhanced by a constitutionally invalid 1973 state murder conviction; and (3) he was denied the effective assistance of counsel. It appears that Edwards also contested the use of the money laundering Sentencing Guidelines, arguing that his conduct was outside the heartland of money laundering activities. The District Court denied Edwards' motion and we declined to issue him a certificate of appealability. See C.A. No. 00-2731.

Edwards returned to the District Court and filed a motion under 18 U.S.C. 3582(c)(2) on January 31, 2002, seeking to modify his term of imprisonment on the basis of Amendment 634 to United States Sentencing Guidelines ("U.S.S.G.") 2S1.1. Amendment 634, which became

effective after Edwards was sentenced, alters the guideline range in connection with the offense of laundering of monetary instruments. Because Amendment 634 is not listed in Subsection (c) of Section 1B1.10, which sets forth the policy statement regarding when a reduction in a term of imprisonment is warranted based upon an amendment to a guideline range, the District Court concluded that there was no legal basis for a modification of Edwards' sentence and, thus, denied the motion by order entered February 25, 2002. Undeterred, Edwards asked the court to reconsider its denial of his sentence modification request in a motion framed as being filed pursuant to Fed. R. Civ. P. 60(b). In that motion filed March 4, 2002, Edwards argued that Amendment 634 is a clarifying, rather than substantive, amendment which may be given retroactive effect despite the fact that it is not listed in Subsection (c) of Section 1B1.10 as an amendment that would authorize a modification or reduction in his term of imprisonment. See, United States v. Marmolejos, 140 F.3d 488 (3d Cir. 1998). The District Court nonetheless denied Edwards' motion, in an order entered March 21, 2002, concluding that Amendment 634 effects a substantive change to the money laundering guidelines. This timely appeal from the March 21, 2002 order followed.

The District Court had jurisdiction pursuant to 18 U.S.C. 3231 and 3582(c). We have jurisdiction to review its order pursuant to 28 U.S.C. 1291 and 18 U.S.C. 3742. Our review over legal questions concerning the proper interpretation of the Sentencing Guidelines is plenary. United States v. Thompson, 70 F.3d 279, 280 (3d Cir. 1995).

As we noted in United States v. Marmolejos, substantive changes to the guidelines are not to be given retroactive effect. 140 F.3d at 490-91. While we have not yet opined as to whether Amendment 634 is a substantive or clarifying amendment, four of our sister circuits have, and all have concluded that the amendment effects a substantive change to the Guidelines. United States v. Descent, 292 F.3d 703, 708 (11th Cir. 2002); United States v. King, 280

F.3d 886, 891 (8th Cir. 2002); United States v. McIntosh, 280 F.3d 479, 485 (5th Cir. 2002); United States v.

3

Sabbeth, 277 F.3d 94, 97 (2nd Cir. 2002). We agree with the reasoning of these decisions and likewise conclude that Amendment 634 is a substantive amendment. As stated by the Second Circuit Court of Appeals in Sabbeth , 277 F.3d at 97, Amendment 634 "redefines the way in which the offense level associated with the crime of money-laundering is calculated, so that the offense level for money-laundering may now be dependent upon the offense level assigned to the underlying offense." Accordingly, we conclude that retroactive application of Amendment 634 is not available to Edwards and that the District Court properly denied his 3582(c)(2) motion seeking to modify his term of imprisonment.

Thus, Edwards has no legal basis for contending that the District Court erred in denying his motion filed pursuant to 3582(c)(2) or for seeking reconsideration of that decision. Edwards appears to concede as much, but now urges that the District Court should have construed his reconsideration motion as one filed pursuant to Fed. R. Civ. P. 60(b), seeking relief from operation of the court's judgment, by relating it to his previously denied 2255 motion. Unfortunately for Edwards, this contention affords him no relief. Initially, we note that the text of his motion explicitly seeks to have the District Court reconsider the order entered February 25, 2002, denying his 3582(c)(2) motion, and was filed within ten days of that order. Additionally, even if it could be deemed to be related to the denial of his original 2255 motion, it would be construed not as a Rule 60(b) motion, but, rather, as an unauthorized successive motion under 2255 which the District Court may have been without jurisdiction to consider. 1 Moreover, even if the District Court had entertained Edwards' motion as one filed pursuant Rule 60(b)(6) requesting relief from operation of its earlier judgment, presumably the motion

_____

1. Although the Second Circuit Court of Appeals held in Rodriguez v. Mitchell, 252 F.3d 191, 200 (2d Cir. 2001), that"a Rule 60(b) motion to vacate a judgment denying habeas is not a second petition under 2244(b)," "majority of circuit courts . . . have held that a Rule 60(b) motion to vacate a judgment denying habeas either must or may be treated as a second or successive habeas petition." Id. at 200 n.2 (collecting cases).

4

would have met with the same fate given the District Court's determination that Amendment 634 was a substantive one. As for Edwards' chance of success on appeal from such a denial, we note that he would not even have progressed as far as the briefing schedule. See Morris v. Horn, 187 F.3d 333, 339 (3d Cir. 1999) (certificate of appealability required to appeal denial of Rule 60(b)); see also United States v. Cepero, 224 F.3d 256, 267-68 (3d Cir. 2000)(allegation that sentencing court misapplied Sentencing Guidelines did not present constitutional issue

for which a certificate of appealability could be granted).

Accordingly, for the foregoing reasons, we will affirm the order of the District Court entered March 21, 2002.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit