

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# USA v. Anthony Spells

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3080

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Anthony Spells" (2009). *2009 Decisions.* Paper 1675.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1675

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3080
_____

UNITED STATES OF AMERICA

v.

ANTHONY LAMONT SPELLS,

Appellant

On Appeal From the United States District Court
for the Middle District of Pennsylvania
(Criminal No. 1-96-cr-00315-1)
District Judge:  Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
March 12, 2009

Before: FUENTES, CHAGARES, and TASHIMA[*], Circuit Judges.

(Filed: March 26, 2009)
_____

OPINION OF THE COURT
_____

_____

[*] The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

CHAGARES, Circuit Judge.

Anthony Lamont Spells appeals from the District Court's denial of his motion for a reduction of an imposed prison term pursuant to 18 U.S.C. § 3582(c)(2), arguing that the District Court erred in concluding that the recent amendments to the United States Sentencing Guidelines did not lower the applicable sentencing range. We disagree and will affirm the judgment of the District Court.

## I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

In October 1997, Spells was convicted of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846, distribution and possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute an undisclosed quantity of crack cocaine in violation of 21 U.S.C. § 841(a)(1), and money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(ii). On April 3, 1998, the District Court sentenced Spells to a prison term of 360 months. This term was reduced to 180 months on April 25, 2001, pursuant to a motion for reduction of sentence filed by the Government under Federal Rule of Criminal Procedure 35(b). Fed. R. Crim. P. 35(b) (permitting a reduction of sentence for substantial assistance in investigating or prosecuting another person).

On December 14, 2007, Spells filed a motion to reduce his sentence pursuant to 18

2

U.S.C. § 3582(c)(2), and Spells's court-appointed counsel filed a memorandum supporting this motion on June 26, 2008.[1] Spells argued that because his Guidelines sentencing range was based on the base offense levels for crack cocaine set forth in U.S.S.G. § 2D1.1(c), and because Amendment 706 to the Guidelines reduced those base offense levels, the District Court should have reduced his sentence pursuant to 18 U.S.C. § 3582(c)(2). The District Court denied Spells's motion, and Spells filed a timely appeal.

II.

Section 3582 "sets forth a *statutory* basis for limiting the district courts' jurisdiction" for modifying a previously imposed sentence, United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007) (citing United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006)) (emphasis in original). Thus, the District Court had jurisdiction under § 3582(c)(2) to ascertain the scope of its authority under the statute. We have jurisdiction to review the District Court's determination under 28 U.S.C. § 1291, and our review of the District Court's conclusion that it lacks authority to grant a § 3582(c)(2) motion is plenary. See United States v. Edwards, 309 F.3d 110, 112 (3d Cir. 2002) ("Our review over legal questions concerning the proper interpretation of the Sentencing Guidelines is plenary.").

---

[1] Spells filed his original motion prematurely on July 31, 2007. The District Court dismissed that motion without prejudice and Spells re-filed the motion on December 14, 2007.

III.

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This rule is subject to an exception, however, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." § 3582(c)(2). A "court may reduce the term of imprisonment" in such a case "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. In sum, therefore, a district court has the authority to reduce a previously imposed sentence only if: (1) the previously imposed term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Here, we conclude that the first requirement of § 3582(c)(2) is not met, so the District Court correctly concluded that it did not have the authority to reduce Spells's sentence.[2]

Spells argues that because he was sentenced pursuant to § 2D1.1(c) of the Guidelines, and because subsequent amendments to the Guidelines reduced the base offense level applicable to him, his sentence was necessarily "based on a sentencing range

---

[2] Because the first factor is dispositive of this case, we do not consider the effect of the Sentencing Commission's applicable policy statements on Spells's appeal.

that has subsequently been lowered by the Sentencing Commission." The Government points out, however, that although Amendment 706 reduced Spells's base offense level under § 2D1.1(c), it did not reduce his sentencing range, which remained at 360 months to life imprisonment.[3] The Government thus contends that the District Court correctly concluded that it did not have the authority to reduce Spells's sentence under § 3582(c)(2).

We agree with the Government and the District Court -- because Amendment 706 did not reduce Spells's applicable sentencing range, the District Court did not have the authority to reduce Spells's sentence under § 3582(c)(2).[4] The statute reinforces finality

---

[3] The amendments to the Guidelines reduced Spells's offense level by two, but because Spells fell in Criminal History Category VI, only a five-level reduction in his offense level would have reduced his sentencing range.

[4] Spells asserts that the resolution of this case turns on the meaning of the words "based on" in the phrase "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." As the Government notes, however, we interpret statutes consistent with their plain and ordinary meaning. Here, the words "based on" must be read in context with the rest of the sentence. The plain meaning of § 3582(c)(2) is that district courts cannot disturb the finality of a sentence unless an amendment to the Guidelines would actually change the starting point from which a district court begins the sentencing calculation -- that is, the focus must be on whether the *sentencing range* has been affected by an amendment to the Guidelines.

Spells also seems to suggest that because his original 360-month sentence was reduced to 180 months pursuant to the Government's Rule 35 motion, the two-level reduction in his base offense level wrought by Amendment 706 should have been applied to the reduced sentence. The Government correctly notes, however, that the 180-month prison term is a sentence, not a "sentencing range" within the meaning of § 3582(c)(2). Under the plain meaning of § 3582(c)(2), a court must focus on the sentencing range in effect at the time of the sentencing, prior to any departures.

5

in the criminal justice system by prohibiting district courts from reviewing sentences that are not, in practical terms, affected by amendments to the Guidelines.

For the foregoing reasons, we will affirm the District Court's judgment.