

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2009

# USA v. Kevin Roberson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2501

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Kevin Roberson" (2009). *2009 Decisions.* Paper 1294.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1294

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2501

_____

UNITED STATES OF AMERICA

v.

KEVIN ROBERSON,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 88-cr-173)
District Judge:  Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
May 20, 2009

Before:  FUENTES, JORDAN and NYGAARD, *Circuit Judges*.

(Filed : May 28, 2009)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Kevin Roberson appeals the District Court's denial of his motion for a sentence

reduction.  Because the District Court did not have authority to reduce his sentence under

18 U.S.C. §3582(c), we will affirm.

## I.    Background

Kevin Roberson pled guilty to conspiracy to possess with intent to manufacture or distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846; and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  In its Pre-Sentence Report ("PSR"), the United States Probation Office assigned Roberson a criminal history category of VI and a total offense level of 41.[1]  Those calculations carried a Guidelines sentencing range of 360 months to life in prison. Adopting the recommended calculations in the PSR, the District Court sentenced Roberson to 360 months' imprisonment.

After the United States Sentencing Commission instituted Amendment 706 to the Guidelines, a retroactive two-level sentencing reduction for crack cocaine offenses, Roberson moved for a sentence reduction under 18 U.S.C. § 3582(c)(2).  In addition to arguing that Amendment 706 entitled him to a reduction, Roberson claimed that the District Court had erroneously characterized him as a career offender.

The District Court agreed that Roberson should not have been sentenced as a career offender, but it determined that neither re-categorizing his criminal history, nor applying the two-level reduction, had the effect of lowering his sentencing range.  Based

---

[1]Because the drug quantity attributed to Roberson was in excess of 500 grams, his base offense level was 36.  Two levels were added for possession of a firearm during the offense, and three were added for his leadership role of an enterprise involving five or more participants.

on U.S.S.G.§ 1B1.10(a)(2)(B), which states that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if the "amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range," the Court denied Roberson's motion. This timely appeal followed.

## II.    Discussion[2]

Roberson contends that the District Court improperly treated the policy statement contained in U.S.S.G. § 1B1.10(a)(2)(B) as mandatory and that, because the policy statement is advisory, the Court was required to review the factors enumerated in 18 U.S.C. § 3553(a) to determine if a reduction was appropriate.  That argument is based on the incorrect premise that the Sentencing Guidelines give district courts the authority to consider motions for sentence reductions.  Such authority actually stems from 18 U.S.C. § 3582(c), according to which courts are generally prohibited from modifying terms of imprisonment once they are imposed.  An exception exists, however, for "defendant[s] who ha[ve] been sentenced ... based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... ."  *Id.* § 3582(c)(2).

While Amendment 706 lowered Roberson's offense level from 41 to 39, his sentencing range remained 360 months to life imprisonment.  Because he was not

---

[2]The District Court had jurisdiction to review the motion under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's interpretation of the Sentencing Guidelines *de novo*.  *United States v. Edwards*, 309 F.3d 110, 112 (3d Cir. 2002).

sentenced "based on a sentencing range that [was] subsequently lowered" by the amendment, § 3582(c)(2) did not authorize the District Court to reduce his sentence.[3] *See also United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009) ("Amendment 706 only decreased the base offense level for crack cocaine offenses by two levels. To be entitled to a reduction of sentence, a defendant's sentencing range must have been lowered by recalculation based on the amended base offense level.") (emphasis omitted)).

## III. Conclusion

For the foregoing reasons, we will affirm the District Court's Order denying Roberson's motion for a sentence reduction.

---

[3]Although the error has no bearing on our analysis, we note that the District Court did not have the authority to reconsider the application of the career offender status to Roberson. *Mateo*, 560 F.3d at 156