OPINION
ROTH, Circuit Judge:
Marcel Brown, Sr. appeals the District Court’s order denying his motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction. Brown contends the court wrongly determined it was bound by the Sentencing Guidelines Policy Statement that prohibits sentence reduction under section 3582(c)(2) when the Guidelines amendment does not lower a defendant’s applicable guideline range. See U.S.S.G. § 1B1.10. We assume the parties’ familiarity with the facts and record of prior proceedings, to which we refer only as necessary to explain our decision. For the reasons given below, we now affirm the District Court’s order denying Brown’s section 3582(c)(2) motion.[1]
Brown’s presentence investigation report (PSR) calculated that the amount of drugs attributable to him was 1.5 kilograms or more of cocaine base, resulting in a base offense level of 38. He received two additional points because he possessed a firearm during the commission of the crime and four more points because of his leadership role.[2] Because his criminal history category was VI, the resulting guideline range was life imprisonment. The statutory maximum, however, was 360 months, which ultimately became his guideline imprisonment range.[3]
Brown suggests he is eligible for resen-tencing under section 3582(c)(2), which allows a court to modify a term of imprisonment when it is “based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.” • § 3582(c)(2). One such applicable policy statement is set forth in section 1B1.10(a)(2)(B) of the Sentencing Guidelines, which provides that a reduction in accordance with section 3582(c)(2) is not authorized when “an amendment ... does not have the effect of lowering the defendant’s applicable guideline range.” U.S.S.G. § lB1.10(a)(2)(B). The Sentencing Commission reduced by *279 two the base offense levels for offenses involving crack cocaine with Amendment 706.[4]
We agree with the District Court that Brown is not entitled to resentencing under section 3582(e)(2) because Amendment 706 “does not have the effect of lowering [Brown’s] applicable guideline range.” Using the Guidelines as amended, Brown’s base offense level would be 42. His drug quantity, 1.5 kilograms of cocaine base, and criminal history, VI, would remain the same, resulting in an applicable guideline range of 360 months to life. Again, because 360 months is the statutory maximum, Brown’s applicable guideline range would be 360 months. Thus, in accordance with section 1B1.10(a)(2)(B), Brown is not entitled to resentencing under section 3582(c)(2).
For the foregoing reasons, we will affirm the District Court’s order denying Brown’s motion for resentencing.

. This Court conducts a plenary review of questions concerning the proper interpretation of the Sentencing Guidelines. See United States v. Edwards, 309 F.3d 110, 112 (3d Cir.2002).

. An initial PSR reflected that three points should be added to account for Brown's leadership role; it was later revised to four.

.Brown was sentenced to a total term of 216 months imprisonment, the result of a 40 percent reduction at the Government's request based on his substantial assistance.

. Amendment 706 was subsequently amended by Amendment 711.