BLD-301                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2789
_____

UNITED STATES OF AMERICA

v.

KIN YAN TAM, also known as LEUNG GOR

Kin Yan Tam,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 98-cr-00550)
District Judge:  Honorable William H. Yohn

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2010

Before: RENDELL, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: October 13, 2010)
_____

OPINION
_____

PER CURIAM

        Kin Yan Tam appeals from an order of the United States District Court for the

Eastern District of Pennsylvania denying his motion under 18 U.S.C. § 3582 to reduce his

sentence. We will affirm the judgment of the District Court.

Because the parties are familiar with the facts, we provide only a summary here. On January 11, 2000, Tam pleaded guilty to a number of related crimes, including conspiracy to distribute heroin and to possess heroin with intent to distribute, in violation of 21 U.S.C. § 846, and conspiracy to import heroin into the United States, in violation of 21 U.S.C. § 963. Tam was sentenced on April 11, 2000 pursuant to the federal Sentencing Guidelines; the District Court determined that § 2D1.1 was the applicable offense guideline. The District Court then determined the drug quantity and computed the base offense level to be 36, based on a drug quantity of at least ten but less than 30 kilograms of heroin. Tam's guilty plea agreement stipulated that his base offense level would be raised by four levels because he was a leader and organizer of the criminal enterprise, and would be reduced by two levels for acceptance of responsibility. The resulting total offense level was thus 38. Based on his Criminal History Category of I, the Guidelines sentencing range was 235 to 293 months imprisonment. The District Court imposed a sentence of 252 months imprisonment on the drug counts, along with shorter concurrent sentences for the remaining counts. This Court affirmed in 2001. Tam filed two motions to vacate his sentence pursuant to 28 U.S.C. § 2255, both of which were denied.

In March 2010, Tam filed a motion pursuant to 18 U.S.C. § 3582(c) to modify his sentence under Amendment 591 to the Sentencing Guidelines. By order entered June 1,

2

2010, the District Court denied the motion, concluding that Tam was not entitled to relief under Amendment 591. Tam appeals. Upon notification by this Court that the appeal would be submitted for possible summary action, Tam filed a response in opposition to summary action.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the District Court's interpretation and application of the Sentencing Guidelines. See United States v. Edwards, 309 F.3d 110, 112 (3d Cir. 2002) (per curiam). Under section 3582(c)(2), a court may reduce an imposed sentence based on an amendment to the Sentencing Guidelines if the amendment is named in the Sentencing Commission's policy statement, § 1B1.10. See United States v. McBride, 283 F.3d 612, 614 (3d Cir. 2002). Amendment 591 is retroactively applicable under § 1B1.10(c). A sentencing court refers to the Statutory Index of the Sentencing Manual (Appendix A) in choosing the offense guideline. Amendment 591 no longer allows a sentencing court to choose the offense guideline based on actual conduct of the offender, rather than on the underlying offense.[1] Instead, Amendment 591 requires the sentencing court to apply only the offense guideline listed in Appendix A that corresponds to the statute of conviction. See United States v. Diaz, 245 F.3d 294, 302 (3d Cir. 2001).

In denying Tam's section 3852 motion, the District Court explained that it had

---

[1] Prior to the Amendment, a sentencing court was authorized to conduct a "heartland analysis" to determine which offense Guideline should be applied in atypical cases. United States v. Smith, 186 F.3d 290 (3d Cir. 1999).

selected the applicable offense guideline (§ 2D1.1), referring to Appendix A, and based on Tam's convictions under 21 U.S.C. §§ 846 and 963.  As this is exactly the procedure now mandated by Amendment 591, no Amendment 591 violation occurred.   Tam appears to argue that Amendment 591 would preclude the District Court from adjusting his Base Offense Level, but he confuses the concepts of the applicable "offense guideline" with the "base offense level" within that offense guideline.  See United States v. Rivera, 293 F.3d 584, 585 (2d Cir. 2002); accord, United States v. Moreno, 421 F.3d 1217, 1219-20 (11th Cir. 2005) (Amendment 591 does not restrict the use of judicially-found facts to select the base offense level).  We agree with the District Court's conclusion that Amendment 591 does not afford Tam any relief because the application of § 2D1.1 as the offense guideline at his sentencing was based on the statute of conviction, not on other conduct.

Because we conclude that his appeal presents us with no substantial question, see Third Circuit L.A.R. 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's order.