NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3937
_____

UNITED STATES OF AMERICA

v.

WILLIE PARKER
also known as
Chill

Willie Parker,
                    Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3-04-cr-00208-001)
District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
July 9, 2012

Before:  RENDELL, SMITH and BARRY, Circuit Judges

(Opinion Filed: July 16, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Defendant Willie Parker appeals from the District Court's order denying his

motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  His counsel has

moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Because we agree with counsel that there are no non-frivolous arguments in support of Parker's appeal, we will affirm.[1]

## I.

Parker was charged with conspiring to distribute and possess with intent to distribute in excess of 50 grams of cocaine base ("crack cocaine") and cocaine, in violation of 21 U.S.C. § 846, and with aiding and abetting the possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Parker pled guilty to violating § 846. In the plea agreement, Parker stipulated to his qualifying as a career offender under § 4B1.1 of the Sentencing Guidelines. The Presentence Report set forth two Guidelines calculations. First, it calculated Parker's offense level for violating 21 U.S.C. § 846 to be 27. Then, it provided that, pursuant to the career offender guideline, Parker's offense level was 32 and his criminal history placed him in Category VI. *See* U.S.S.G. § 4B1.1(b) (2004). The Presentence Report applied a 3-level reduction for acceptance of responsibility pursuant to § 3E1.1. Therefore, Parker's offense level as a career offender was 29. Section 4B1.1(b) of the Guidelines provides that "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." Thus, the Presentence Report recommended using the career offender offense level of 29,

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3582(c)(2). We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. *See United States v. Edwards*, 309 F.3d 110, 112 (3d Cir. 2002).

and with a criminal history in category VI, the Guidelines sentencing range was 151-188 months' imprisonment. In the plea agreement, however, the government agreed to recommend a 114-month sentence. The District Court accepted the plea agreement and the government's recommendation. It sentenced Parker to 114 months' imprisonment, three years' supervised release, and a $100 special assessment.

In December 2009, Parker moved for a reduction of his sentence under § 3582(c)(2)[2] in light of the 2007 and 2008 amendments to the Sentencing Guidelines affecting crack cocaine offenses. On June 1, 2010, the District Court stayed the proceeding pending the Supreme Court's decision in *Dillon v. United States*, -- U.S. --, 130 S. Ct. 2683 (2010). On July 6, 2010, the District Court denied Parker's motion. Parker appealed, and, in a per curiam opinion, we summarily remanded the case pursuant to Local Appellate Rule 27.4 in light of the Supreme Court's opinion in *Freeman v. United States*, -- U.S. --, 131 S. Ct. 2685 (2011). On October 13, 2011, the District Court again denied Parker's motion to reduce his sentence, and found that the Guidelines range both pre- and post-amendments was 151-188 months, in both instances based on an offense level of 29 and a criminal history placing Parker in category VI. (App. 3.)

---

[2] 18 U.S.C. § 3582(c)(2) provides that a district court may, "after considering the factors set forth in section 3553(a) to the extent they are applicable," reduce a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

II.

Under *Anders*, if court-appointed "counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. That request must be accompanied by an adequate brief discussing "anything in the record that might arguably support the appeal." *Id.* A brief is adequate when counsel has thoroughly scoured the record in search of appealable issues, and has explained why those issues are frivolous. *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). After we determine whether counsel has met his requirements under *Anders*, we independently examine the record for any non-frivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Where counsel's brief is adequate, we will confine our inquiry to issues raised by counsel in his *Anders* brief and by the defendant in his *pro se* brief. *Id.* at 301. Parker has not filed a *pro se* brief.

Counsel raises one potentially non-frivolous issue: whether the District Court erred in denying Parker's motion to reduce his sentence under § 3582(c)(2) based upon the 2007 and 2008 amendments to the Sentencing Guidelines affecting the sentencing recommendations for crack cocaine offenses. Because the issue presented here involves a legal question as to Parker's eligibility for a reduction, we review the District Court's decision *de novo*. *See United States v. Sanchez*, 562 F.3d 275, 277 & n.4 (3d Cir. 2009).

In *Freeman*, the Supreme Court, in a plurality opinion, held that defendants who plead guilty pursuant to an agreement that recommends a particular sentence be imposed may still be eligible for a sentence reduction under § 3582(c)(2). 131 S. Ct. at 2693.

4

Notwithstanding this decision, here, the District Court correctly concluded that, although Parker's plea agreement did not necessarily foreclose his eligibility for a sentence reduction, Parker's status as a career offender did prevent the District Court from reducing his sentence. In *United States v. Mateo*, 560 F.3d 152, 154-55 (3d Cir. 2009), we held that the 2007 and 2008 amendments to the Guidelines affecting crack cocaine offenses did not apply to a defendant whose sentence was clearly based on the defendant's status as a career offender. *Mateo* is directly on point here. As in that case, Parker's sentence was clearly based on his status as a career offender. The plea agreement, which the District Court accepted, stated that Parker qualified as a career offender. Therefore, his offense level remained 29 no matter whether the crack cocaine amendments affected Parker's offense level absent his career offender status because § 4B1.1(b) of the Guidelines provides that the greater of the two offense levels shall apply. Because the 2007 and 2008 amendments do not affect the sentencing range applicable to Parker, § 3582(c)(2) does not authorize the District Court to reduce his sentence.

Accordingly, we conclude that counsel's *Anders* brief is adequate on its face. We further find no non-frivolous arguments in support of Parker's appeal. We will affirm the judgment of the District Court, and, in a separate order, grant counsel's motion to withdraw.