CLD-078                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3264
_____

UNITED STATES OF AMERICA

v.

GREGORY WASHINGTON,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-11-cr-00042-011)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2023
Before: GREENAWAY, JR., MATEY, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed February 23, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Gregory Washington, a federal prisoner proceeding pro se, appeals the District Court's order denying his request under 18 U.S.C. § 3582(c)(2) for a reduction in sentence. The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment.

Washington was convicted in 2013 of conspiracy to distribute at least one kilogram of heroin in violation of 21 U.S.C. § 846 and sentenced to 262 months in prison. We affirmed Washington's conviction and sentence. See United States v. Washington, 602 F. App'x 858 (3d Cir. 2015).

In 2015, Washington filed his first motion under § 3582. He argued that, under Amendment 782—an amendment to the Sentencing Guidelines that retroactively reduced the offense levels for most drug crimes, see generally Hughes v. United States, 138 S. Ct. 1765, 1774 (2018)—he should be resentenced to a lower term of imprisonment. See ECF No. 1377. The District Court appointed counsel, who filed an amended § 3582 motion. See ECF No. 1392. The Court denied the motion. See ECF No. 1403. The Court recognized that Amendment 782 rendered Washington eligible for a reduction in sentence; nevertheless, "[a]fter careful review of this Court's prior original sentencing hearing colloquy, and after giving due additional consideration to the Section 3553(a) factors which this Court considered during the original phase of the trial, this Court declines to reduce this Defendant's sentence any lower than 262 months." Id. at 2.

2

Washington twice sought reconsideration, and the Court denied both motions. Washington did not appeal.

In 2022, Washington filed the document at issue here, which he captioned "motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2)." ECF No. 1797. Again relying on Amendment 782, he claimed that counsel had inadequately litigated the first § 3582 motion and that the § 3553(a) factors justify a lower sentence. Washington particularly stressed his belief that the District Court's refusal to lower his sentence created an unwarranted sentencing disparity between him and other defendants. The Government argued that the motion lacked merit whether construed as a third motion for reconsideration or a new § 3582 motion.

The District Court determined that Washington's motion was, in essence, a motion for reconsideration of the order denying his initial § 3582 motion, and that the motion was untimely and meritless. Washington appealed, and the Government has requested summary action. Washington has filed a motion for appointment of counsel.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion both the District Court's denial of a motion for reconsideration, see United States v. Kalb, 891 F.3d 455, 459 (3d Cir. 2018), and the Court's decision to deny a § 3582 motion based on its assessment of the § 3553(a) factors, see United States v. Rodriguez, 855 F.3d 526, 529 (3d Cir. 2017). We may take summary action if "no substantial question is presented" on appeal, 3d Cir. L.A.R. 27.4, and may affirm on any ground apparent in the record, see Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

3

We agree with the District Court's disposition of this case. Although there might be some question as to whether Washington's motion should be treated as a motion for reconsideration of the denial of his first § 3582(c) motion, see generally United States v. Edwards, 309 F.3d 110, 112–13 (3d Cir. 2002) (per curiam), or a second § 3582(c) motion, see United States v. Weatherspoon, 696 F.3d 416, 421–22 (3d Cir. 2012), the motion lacks merit under either interpretation for similar reasons.

More specifically, if the filing is a new § 3582 motion, the motion would be subject to law-of-the-case principles. See generally United States v. Anderson, 772 F.3d 662, 670 (11th Cir. 2014) (rejecting second § 3582(c) motion on law-of-the-case grounds). That doctrine provides that a Court typically will not reconsider an issue previously resolved unless "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." Pub. Int. Rsch. Grp. of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997). Similarly, a Court will grant a motion for reconsideration only in the case of "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

As the District Court explained, Washington provided no valid basis for the Court to reassess its prior denial of § 3582 relief.[1] Washington argues that the District Court's

---

[1] As a motion for reconsideration, the motion was also grossly untimely. See Kalb, 891

application of the § 3553(a) factors gave insufficient weight to the need to prevent sentencing disparities, but he has not shown that the Court erred. In its initial order, the Court carefully considered the § 3553(a) factors, and stressed that a sentence of 262 months was necessary because Washington's offense was serious, Washington committed the offense while on parole for murder, and Washington had tried to suborn perjury and had shown no remorse for his crime. This was well within the District Court's discretion, see Rodriguez, 855 F.3d at 532–33; United States v. Styer, 573 F.3d 151, 155 (3d Cir. 2009), and the Court therefore did not err in declining to reconsider that decision.

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.[2]

---

F.3d at 463; United States v. Gomez-Gomez, 643 F.3d 463, 471 (6th Cir. 2011).

[2] Washington's motion for appointment of counsel is denied.