

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2006

# USA v. Nabried

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2163

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Nabried" (2006). *2006 Decisions.* Paper 551.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/551

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2163
_____

ERIC NABRIED,

Appellant

v.

UNITED STATES OF AMERICA

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 03-cr-309-10)
District Judge: Honorable Edwin M. Kosik
_____

Submitted Under Third Circuit LAR 34.1(a)
April 21, 2006

Before: SLOVITER and AMBRO, <u>Circuit Judges</u>,
and DuBOIS,[*] <u>District Judge</u>

(Opinion filed: August 29, 2006)
_____

OPINION
_____

DuBOIS, <u>District Judge</u>

## I.  Facts and procedural background

_____

[*] Honorable Jan E. DuBois, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

On November 4, 2003, a federal grand jury returned a 24-count indictment against numerous defendants alleging a drug conspiracy. Appellant Eric Nabried ("Nabried") was charged in Count 4 with possession with intent to distribute cocaine base ("crack") and distribution of crack in violation of 21 U.S.C. § 841(a)(1). Nabried pled guilty to this charge on November 2, 2004, stipulating that the amount of crack involved was between five and fifteen grams.

Under the United States Sentencing Guidelines ("Guidelines"), the base offense level for Nabried's conviction was 26, and his criminal history category was V.[1] Nabried received a three-point downward adjustment for acceptance of responsibility, giving him a total offense level of 23. At Nabried's sentencing on April 5, 2005, the government argued that Nabried should be sentenced under the career offender provision of the Guidelines, § 4B1.1, because he had been previously convicted of at least two felony offenses involving a controlled substance. Defense counsel argued that the career offender status over-represented Nabried's criminal history.

With a total offense level of 23 in criminal history category V, Nabried faced a Guideline range of 84 to 105 months. However, the District Court determined that the

---

[1] Nabried had two juvenile delinquency adjudications, one for driving a stolen car and one for attempted car theft. At age 19, he was arrested for and pled guilty to possession of cocaine, for which he was sentenced to pay a fine and costs. App. at 43. At age 20, he pled guilty to delivering crack and was sentenced to a term of five months to two years imprisonment. *Id.* Two months after the arrest for that crime, Nabried was arrested for possession with intent to deliver marijuana; he pled guilty and was sentenced to four to eighteen months imprisonment. *Id.*

2

career offender provision of the Guidelines was applicable, which increased Nabried's total offense level to 29 and his criminal history category to VI, resulting in a Guideline imprisonment range of 151 to 188 months. Nabried was sentenced to 110 months.

On appeal, Nabried argues that the District Court erred in applying the career offender provision of the Guidelines because *United States v. Booker*, 543 U.S. 220 (2005), made the Sentencing Guidelines, including the career offender provision, advisory. He further argues that his 110-month sentence was unreasonable, because a lesser sentence of 84 months would have accomplished the goals of sentencing. For the following reasons, we disagree, and affirm the sentence of the District Court.

## II. Discussion

### A. Is the Career Offender Provision of the Sentencing Guidelines Advisory?

Since the Supreme Court's decision in *Booker*, the Guideline sentencing range is one of several factors a district court must consider under 18 U.S.C. § 3553(a), but a district court is no longer bound by the Guidelines. *Booker*, 543 U.S. at 259, 264. The Third Circuit Court of Appeals has not specifically addressed whether *United States v. Booker* also made the career offender provision of the Guidelines advisory. However, we have stated that, in determining a defendant's sentence under the § 3553(a) factors, "a trial court must calculate the *correct* guideline range applicable to a defendant's particular circumstances." *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006) (emphasis added); *see also United States v. King*, 454 F.3d 187, 196 (3d Cir. 2006) (emphasizing that "the sentencing courts in this Circuit should continue to follow the requirement to

3

'consider' the Guidelines by calculating a Guidelines sentence as they would have before *Booker*"). Other circuit courts specifically considering the career offender provision of the Guidelines have found that the provision is not advisory, and must be applied in calculating the advisory Guidelines sentencing range if the defendant qualifies as a career offender. *See*, *e.g.*, *United States v. Berni*, 439 F.3d 990, 992 (8th Cir. 2006) ("The determination of whether to apply the career offender Guidelines to calculate the advisory Guidelines range is not a matter left to the district court's discretion. Rather, sentencing courts must correctly determine the applicable Guidelines range in order to properly carry out the sentencing process under § 3553(a)."); *United States v. Gibson*, 434 F.3d 1234, 1248 (11th Cir. 2006) (finding legal error where sentencing court failed to determine whether defendant's prior convictions qualified him for career offender status). We agree, and hold that a sentencing court must calculate the correct sentence under the Guidelines, including, if applicable, § 4B1.1, the career offender provision.[2]

In Nabried's case, the government argued that the career offender provision of the Guidelines was applicable based on his previous convictions for distribution of cocaine and possession with intent to distribute marijuana as detailed in footnote 1 *supra*. Under § 4B1.1(a), these two felony drug convictions qualified him as a career offender. Thus, the District Court was required to consider the career offender enhancement in calculating

---

[2] Allowing the court, as opposed to a jury, to find that a defendant is a career offender does not violate *United States v. Booker*. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998) (holding that a court may determine whether a defendant's prior crime was an "aggravated felony"); *United States v. Andrews*, 447 F.3d 806, 811 (10th Cir. 2006) (holding that district court did not commit *Booker* error by applying career offender enhancement).

the applicable sentence under the Guidelines.

## B. Was the District Court's Sentence Unreasonable?

We note at the outset that the Court of Appeals has jurisdiction to review the reasonableness of a sentence under 18 U.S.C. § 3742(a)(1) (authorizing the appeal of sentences "imposed in violation of the law"). *See Cooper*, 437 F.3d at 327.

To determine whether the sentence of 110 months imposed on Nabried by the District Court was reasonable, we must first ensure that the District Court exercised its discretion and considered the relevant sentencing factors articulated in 18 U.S.C. § 3553(a).[3] *Cooper*, 437 F.3d at 329. The District Court need not perform a rote recitation

---

[3] Those factors are:
1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed –
    a. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    b. To afford adequate deterrence to criminal conduct;
    c. To protect the public from further crimes of the defendant; and
    d. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. The kinds of sentences available;
4. The kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.
5. Any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced;
6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. The need to provide restitution to any victims of the offense.
18 U.S.C. § 3553(a).

of these factors so long as the record demonstrates that the court meaningfully considered the relevant factors. *Cooper*, 437 F.3d at 329; *see also United States v. Gatewood*, 438 F.3d 894, 896 (8th Cir. 2006) ("We do not require a rote recitation of each § 3553(a) factor.").

In Nabried's case, the District Court heard argument regarding many of the § 3553(a) factors, including:

- The nature of the offense, App. at 69, 74;

- Nabried's criminal history, App. at 63-65;

- Whether the career offender designation overrepresented Nabried's criminal history and provided too severe a punishment, App. at 63-65;

- Disparities between Nabried's sentence and the sentences of other defendants in the drug conspiracy, App. at 67-68;

- The likelihood of recidivism, and the need to protect the public, App. at 64-65, 72;

- Nabried's individual characteristics, such as his employment history, drug addiction, medical problems, age, and family relationships, App. at 66, 67, 68, 69, 71, 73; and,

- Nabried's participation in employment and drug rehabilitation programs while incarcerated, App. at 70, 75;

The District Court stated several times that it had considered the arguments made by defense counsel, App. at 53, 76, 77, including, specifically, the argument that the career

6

offender status over-represented Nabried's culpability. App. at 77.

We note that the Third Circuit has interpreted *Booker* to require a district court to do more than simply state on the record that "it considered both the defendant's arguments and the § 3553(a) factors." *Cooper*, 437 F.3d at 329 n.6. The more detail a district court provides on the record when it imposes a sentence under § 3553(a), the easier it is for the Court of Appeals to engage in "meaningful appellate review." *King*, 454 F.3d at 196-97. While the record in this case is not as complete as we would like, we conclude that the sentencing court did sufficiently consider the § 3553(a) factors.

After hearing argument on the above noted § 3553(a) factors, the District Court made several statements regarding Nabried's sentence. The Court acknowledged the goals of sentencing. App. at 60. It expressed concern that one of Nabried's previous offenses occurred while he was on pretrial release for another offense, and that the federal crime resulting in this sentence was committed within seven months of his release on parole for that offense. App. at 72-73. The Court also commented that "I do believe, especially now when the Guidelines are just advisory, that we have a greater responsibility for giving consideration to the total circumstances of the individual who is before us." App. at 77.[4] In conclusion, the Court stated:

> I sentence an individual, and do in this case, using the Guidelines as being advisory, but not being handcuffed by them. I – I do so, giving consideration, the

---

[4] The District Court noted at other points in the record that the Guidelines were now advisory, and just one factor to be considered under 18 U.S.C. § 3553(a). App. at 57, 59.

7

sentence that we're going to impose would not be a Guideline sentence, but it will

be a sentence that's considered your argument, including your argument about the

career offender status of this defendant.

App. at 77. Thus, we conclude that the sentencing court considered the 18 U.S.C. §

3553(a) factors applicable to Nabried.

Next, we must determine whether the sentencing court reasonably applied the §

3553(a) factors. *Cooper*, 437 F.3d at 330. In doing so, we apply a deferential standard of

review. *Id.* We find nothing unreasonable about Nabried's sentence of 110 months.

With the proper application of the career offender provision, Nabried's Guideline

sentencing range was 151 to 188 months, making the ultimate sentence of 110 months

well below what it would have been before *Booker* rendered the Guidelines advisory. If it

is "less likely that a within guidelines sentence . . . will be unreasonable," *Cooper*, 437

F.3d at 331, it is even less likely that a sentence *below* the Guidelines sentence will be

unreasonable. Nabried, who has the burden of showing unreasonableness, *id.* at 332, has

not met this burden.

### III. Conclusion

Based on the foregoing analysis, we conclude that the District Court gave proper

consideration to the applicable § 3553(a) factors and that the sentence of 110 months

imposed on Nabried was reasonable. The judgment of the District Court is therefore

affirmed.

8