

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-11-2009

# USA v. Eric Nabried

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2480

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Eric Nabried" (2009). *2009 Decisions.* Paper 1880.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1880

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2480

_____

UNITED STATES OF AMERICA

v.

ERIC NABRIED,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-00309)
District Judge: Honorable Edwin M. Kosik

_____

Submitted Under Third Circuit LAR 34.1(a)
February 2, 2008

Before:  RENDELL, JORDAN and ROTH, *Circuit Judges*,

(Filed: February 11, 2009)

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

Defendant Eric Nabried appeals the District Court's May 12, 2008, order denying

his motion pursuant to 18 U.S.C. § 3582(c)(2) for modification of his sentence in light of

the recent retroactive amendments to the crack cocaine Sentencing Guidelines. *See* 18

U.S.C. 3582(c) and U.S.S.G. § 1B1.10. Because the District Court properly concluded that the amendments would have no impact on Nabried's sentence since he was sentenced as a career offender under § 4B1.1 of the Sentencing Guidelines, we will affirm.

## I.     Background

Pursuant to a written plea agreement, Nabried pled guilty on November 2, 2004 to one charge of crack distribution in violation of 21 U.S.C. § 841(a)(1). As part of his plea agreement, Nabried stipulated that he possessed between 5 and 15 grams of cocaine base and that the applicable offense level, absent a career offender finding, would be 26. He also agreed that the applicable offense level, should the court find him to be a career offender, was 32. The presentence investigation report ("PSR") included the conclusion that Nabried qualified for "career offender" status under section 4B1.1, which would result in a sentencing range of 151 to 188 months. Without a career offender finding, the applicable guidelines range was 84 to 105 months. The plea agreement explicitly preserved Nabried's right to challenge a finding that he was a career offender.

Nabried was sentenced on April 5, 2005. Following argument, during which defense counsel argued that the career offender provision over-represented Nabried's criminal history, the District Court imposed a sentence that "would not be a guideline sentence, but it will be a sentence that's considered your argument, including your argument about the career offender status of this defendant." (App. at 63.) The Court rejected Nabried's request for an 87 month sentence, which would have been within the

applicable guideline range absent a career offender finding, and imposed a sentence of 110 months.[1]  The Court stated its belief that the 110 month sentence "satisfied ... the purposes that are set forth in 18 U.S.C. § 3553(a)."  (App. 64.)

Nabried timely appealed his sentence, arguing that the District Court erred in applying the career offender provision because *United States v. Booker*, 543 U.S. 220 (2005), made that provision of the Guidelines advisory and that a lesser sentence would have accomplished the goals of sentencing.  In rejecting those arguments, we concluded that, as part of calculating the correct sentence under the Guidelines, a district court must consider the career offender provision where it is applicable.  *Nabried v. United States*, 199 Fed. Appx. 102, 104-05 (3d Cir. 2006).  We further concluded that the District Court was required to, and properly did, consider the career offender provision in Nabried's case because his prior convictions for distribution of cocaine and possession with intent to distribute marijuana rendered section 4B1.1(a) applicable.  *Id.*  We also rejected Nabried's argument that his sentence was unreasonable, concluding that the District Court had adequately examined and reasonably applied the §3553(a) factors.  *Id.* at 105-06.

On March 20, 2008, Nabried filed a motion for modification of his sentence as allowed by the recent amendments to the Sentencing Guidelines regarding the applicable

---

[1] Nabried received a 3 level reduction for acceptance of responsibility, making his total offense level at sentencing  29.  His criminal history category was enhanced from V to VI as required under the career offender provision of the Guidelines.

range for crack cocaine offenses. On May 12, 2008, the District Court denied the motion, finding that

> the defendant was determined to be a career offender and Amendments 706, 711, and 715 have no impact on the computation of the Sentencing Guidelines. Therefore he does not qualify for a sentence reduction. It is further noted that the Court imposed a non-guideline sentence pursuant to 18 U.S.C. 3553(a) and United States v. Booker 125 S.Ct. 738 (2005) and a further reduction is not appropriate.

(App. 3.) Nabried timely appealed that decision.

## II. Discussion[2]

Effective November 1, 2007, the United States Sentencing Commission adopted Amendment 706 which modified the Guideline ranges applicable to crack cocaine offenses. Amendment 706, which applies retroactively, generally lowers the applicable base offense level by two levels. *See United States v. Wise*, 515 F.3d 207, 220 (3rd Cir. 2008). A defendant sentenced prior to the amendments may seek to have their sentence reduced pursuant to 18 U.S.C. § 3582(c)(2). Reduction, however, is not automatic and is left within the discretion of the District Court. *See* 18 U.S.C. § 3582 ("[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.") (emphasis added).[3] Further, a

---

2 The District Court had jurisdiction to review Nabried's motion for modification of his sentence under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

3 We review *de novo* a district court's interpretation of the Sentencing Guidelines. *United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008). Although we have not explicitly

-4-

"reduction in the defendant's term of imprisonment is not consistent with the policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if ... an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable Guideline range." U.S.S.G. § 1B1.10(a)(2)(B). When determining whether a defendant is entitled to modification of his sentence under the crack cocaine amendments, courts "shall leave all other Guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

Nabried argues that the District Court erred by refusing to lower his sentence because the Court had previously granted his motion for a downward departure on the basis that the career offender provision over-represented his criminal history, and because the sentence imposed was therefore not based on the career offender provision but on § 2D1.1, which contains the crack cocaine sentencing ranges. He urges us to conclude that

---

set forth the applicable standard of review of a district court's decision to grant or deny a sentence modification pursuant to 18 U.S.C. § 3582(a)(2), circuits which have considered the issue apply an abuse of discretion standard. *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007); *United States v. Rodriguez-Pena*, 470 F.3d 431, 432 (1st Cir. 2006). Courts which have considered the interplay between the career offender provisions of the Guidelines and the recent amendments to the crack cocaine ranges have applied a *de novo* standard of review to the district court's interpretation of the impact of the amendments on the Sentencing Guidelines and an abuse of discretion standard to the court's determination of whether to grant a particular defendant's motion for a sentence modification under those amendments. *United States v. Sharkey*, 543 F.3d 1236, 1238-39 (10th Cir. 2008); *United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008). We will do the same.

the amendments to the crack cocaine Guidelines would alter the applicable Guideline range to 92-115 months.

Nabried's argument fails because the District Court did apply § 4B1.1(b)(1) in sentencing him. We stated in his earlier appeal that the "District Court determined that the career offender provision of the Guidelines was applicable," *Nabried*, 199 Fed. Appx. at 104, and Nabried may not use this appeal as a vehicle to relitigate that point. His assertion that the District Court granted his motion for a downward departure from the career offender provision is baseless.[4] While the District Court indicated that it was somewhat swayed by defense counsel's arguments at sentencing, it made sufficiently clear, both at sentencing and in its order denying Nabried's motion for modification of his sentence, that it imposed a non-Guideline sentence that took account of Nabried's career offender status and the § 3553(a) factors. Because § 4B1.1 of the Sentencing Guidelines, rather than the crack cocaine provisions in § 2D1.1, was a foundation for Nabried's sentence, the District Court correctly concluded that his sentence is not affected by the amendments to the crack cocaine Guidelines. *See Sharkey*, 543 F.3d at 1239 ("Amendment 706 had no effect on the career offender Guidelines in § 4B1. 1"); *Moore*, 541 F.3d at 1327 (refusing to reduce sentence where defendant sentenced as career

_____

[4]Even Nabried acknowledges that in the Judgment imposing sentence the District Court did not check the box required for a departure under § 4A1.3 regarding the adequacy of criminal history.

offender because "Amendment 706's effect on the defendants' base offense levels would not lower the sentencing ranges upon which their sentences were based").

Additionally, as Nabried concedes, where the original sentence is a non-Guidelines sentence determined, at least in part, by the court's evaluation of the § 3553(a) factors, a "further reduction generally would not be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). The District Court clearly imposed a non-Guidelines sentence which it believed satisfied "the purposes that are set forth in 18 U.SC. § 3553(a)." (App. at 64.) It therefore correctly refused to reduce Nabried's sentence.

## III.    Conclusion

Because the District Court correctly interpreted the Guidelines and the recent crack cocaine amendments, and because the Court did not abuse its discretion in denying Nabried's motion, we will affirm its order.