

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2009

# USA v. Percy Harris

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2478

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Percy Harris" (2009). *2009 Decisions*. Paper 1295.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1295

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2478

_____

UNITED STATES OF AMERICA

v.

PERCY HARRIS,

Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 05-cr-00481)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
May 20, 2009

Before:   FUENTES, JORDAN, and NYGAARD, *Circuit Judges*.

(Filed : May 28, 2009)

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

Percy Harris challenges the Order of the United States District Court for the

Middle District of Pennsylvania denying his motion for a sentence reduction under 18

U.S.C. § 3582(c)(2).  On appeal, he argues that the District Court erred by neglecting to

consider the applicability to his sentence of the factors listed in 18 U.S.C. § 3553(a). Because Harris was not eligible for a reduction, we will affirm.

## I.    Background

We write for the parties, who are familiar with the factual background of the case and thus recount only those facts that are relevant to our disposition.

On March 22, 2006, Harris pled guilty to one count of distribution and possession with intent to distribute cocaine base and cocaine hydrochloride and one count of forfeiture. According to the Probation Office's presentence report ("PSR"), Harris was responsible for 23.68 kilograms of cocaine base and 77.54 kilograms of cocaine hydrocholoride. As a result, his offense level was 35 and his sentencing range was 210 to 240 months' imprisonment.[1] Harris did not contest the Probation Office's findings as to the weight of the drugs, and the Court adopted those findings for sentencing purposes. The Court sentenced Harris to 240 months.

After the United States Sentencing Commission instituted a retroactive two-level guideline reduction for crack cocaine offenses, Harris moved to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2). The Court concluded that he was ineligible for a reduction and denied the motion. This timely appeal followed.

---

[1] The calculations actually resulted in a sentencing range of 210 to 262 months, but the upper end was reduced to the statutory maximum of 240 months. *See* 21 U.S.C. § 841(b)(1)(A).

## II.    Discussion[2]

Under 18 U.S.C. § 3582(c), courts are generally prohibited from modifying terms of imprisonment once they are imposed.  An exception exists, however, for "defendant[s] who ha[ve] been sentenced ... based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... ."  *Id.* § 3582(c)(2).  As Harris correctly notes, Amendment 706 has the effect of lowering the sentencing ranges for defendants convicted of cocaine base crimes.  *See* U.S.S.G., app. C, amend. 706 (2007).  However, its scope is limited by Amendment 715, which provides that the "reduction ... shall not apply in a case in which ... the offense involved 4.5 [kilograms] or more ... of cocaine base."[3]  U.S. Sentencing Commission Notices, 73 Fed. Reg. 23,521 (Apr. 30, 2008).

Harris's sentence was based on the uncontested finding that he was responsible for distributing and possessing with intent to distribute 23.68 kilograms of crack cocaine.  By the plain language of Amendment 715, Amendment 706 does not apply to Harris.  Because his sentence is not "based on" a sentencing range that the Sentencing Commission lowered, the Court rightly concluded that it lacked the authority to reduce his

---

2The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. Our jurisdiction arises under 28 U.S.C. § 1291.  The District Court ruled that it lacked the authority to reduce Harris's sentence under 18 U.S.C. § 3582(c)(2), which presents a legal issue subject to *de novo* review.  *See United States v. Edwards*, 309 F.3d 110 (3d Cir. 2002) ("Our review over legal questions concerning the proper interpretation of the Sentencing Guidelines is plenary."  (internal citation omitted)).

3Amendment 715 was made retroactive by Amendment 716, as of May 1, 2008. U.S. Sentencing Commission Notices, 73 Fed. Reg. 23,521 (Apr. 30, 2008); *see also United States v. Starks*, 551 F.3d 839, 840 n.4 (8th Cir. 2009).

sentence. 18 U.S.C. 3582(c)(2). Thus, Harris's only argument on appeal – that the Court should have examined whether the § 3553(a) factors counseled in favor of lowering his sentence – is misplaced. The Court could not consider the effect of § 3553(a) on Harris's sentence because it had no authority to do so.

## III.    Conclusion

For the foregoing reasons, we will affirm the District Court's Order denying Harris's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).