**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-6284**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MICHAEL L. FRAZIER, a/k/a Mike,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.   Thomas E. Johnston,
District Judge.  (2:97-cr-00143-2)

───────────

Submitted:  July 15, 2009              Decided:  July 29, 2009

───────────

Before NIEMEYER, MICHAEL, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Michael L. Frazier, Appellant Pro Se.   John J. Frail, Monica
Kaminski  Schwartz,  Assistant  United  States  Attorneys,
Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael L. Frazier appeals the district court's order granting his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (2006). Applying Amendment 715 of the Guidelines, see U.S. Sentencing Guidelines Manual ("USSG") App. C Supp. Amend. 715, the district court reduced Frazier's sentence by five months to 235 months of imprisonment. Finding no reversible error, we affirm.

When calculating an offense level for a defendant responsible for more than one type of controlled substance, Amendment 715 provides that the court should convert each of the drugs to its marijuana equivalent, add the quantities, and then look up the total in the Drug Quantity Table to obtain the combined offense level. USSG § 2D1.1, comment. (n.10(B) & (D)). Utilizing this process, one gram of crack cocaine is equal to twenty kilograms of marijuana, and one gram of powder cocaine is equal to 200 grams of marijuana. Id. at (n.10(E)). Amendment 715 instructs that, once a complete offense level is reached using the equivalent amount of marijuana for all controlled substances, the court should subtract two levels, except in certain circumstances not applicable here. See id. at (n.10(D)(i)).

After calculating the marijuana equivalency for each drug and applying the two-level reduction, we find that

2

Frazier's amended guideline range is 235 to 293 months of imprisonment. Pursuant to USSG § 5G1.1(c), however, the amended guideline range is reduced to 235 to 240 months because Frazier was subject to a twenty-year statutory maximum sentence.

Although Frazier argues on appeal that he was entitled to an even greater reduction in sentence, we find that the district court was not authorized to reduce the sentence below 235 months. Pursuant to USSG § 1B1.10(b)(2)(A), p.s., "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." As we recently ruled, this limitation is jurisdictional. United States v. Dunphy, 551 F.3d 247, 252 (4th Cir.), cert. denied, 129 S. Ct. 2401 (2009).

Frazier nonetheless argues that his original sentence was "82 percent of the low end of the guideline range as calculated by the court," and he is therefore entitled to a lower sentence pursuant to § 1B1.10(b)(2)(B). We find, however, that Frazier's original 240-month sentence was within the "guideline range applicable to [him] at the time of sentencing,"

USSG § 1B1.10(b)(2)(B), and thus the exception set forth in § 1B1.10(b)(2)(B) does not apply.[*]

Accordingly, we affirm the district court's order. See United States v. Frazier, No. 2:97-cr-00143-2 (S.D. W. Va. Jan. 14, 2009). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although the district court indicated that it was departing downward from the guideline range "[b]ecause the plea agreement and the statute preclude a sentencing exceeding 240 months," we find that the "guideline range applicable to [Frazier] at the time of sentencing" was capped by the statutory maximum and was therefore 240 months pursuant to USSG § 5G1.1(a) (providing that "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum shall be the guideline sentence").

4