UNITED STATES of America

v.

Mark DAVIS.

Criminal Action Nos. 06–76(7) (JEI), 06–633 (JEI).

United States District Court, D. New Jersey.

Sept. 1, 2009.

Jacobs & Singer LLC, by Anne C. Singer, Esq., Haddonfield, NJ, for Defendant Mark Davis.

Office of the United States Attorney, by Howard J. Wiener, Esq., Diana V. Carrig, Esq., Camden, NJ, for the United States of America.

## OPINION

IRENAS, Senior District Judge:

Presently before the Court is the Motion by Defendant Mark Davis ("Davis") for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, Davis's Motion will be granted.[1]

## I.

The Court will review the background of this case only insofar as necessary to resolve the present motion. On August 16, 2006, Davis pleaded guilty to three criminal offenses: (1) conspiracy to distribute and possession with intent to distribute more than five kilograms of cocaine; (2) conspiracy to distribute and possession with intent to distribute more than 50

---

1. This Court has jurisdiction pursuant to 18 U.S.C. § 3231. *United States v. Mateo,* 560 F.3d 152, 154 n. 1 (3d Cir.2009).

grams of crack cocaine; and (3) possession of firearms by a convicted felon.

At sentencing, the Court made a preliminary determination that the applicable total offense level ("TOL") for Davis's conduct was 35, and that his criminal history category ("CHC") was VI. The Court also determined that Davis met the definition of a career offender under U.S.S.G. § 4B1.1(a), and that his applicable offense level under § 4B1.1(b) was 34.[2] Thus, this case presented the rather rare instance where the TOL calculated by looking to the offense characteristics exceeded the TOL applicable under § 4B1.1. As such, Davis's final TOL was 35. *See* U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.").

The Government moved for a downward departure pursuant to U.S.S.G. § 5K1.1. The Court granted that motion and departed downwards five levels, to level 30. For offenders with a TOL of 30 and a CHC of VI, the applicable advisory sentencing range was 168 to 210 months.[3] The Court sentenced Davis to a prison term of 174 months.

Davis now moves for a sentence reduction pursuant to § 3582(c)(2).

## II.

Under 18 U.S.C. § 3582(c)(2), the Court may reduce a defendant's prison sentence if the sentence was imposed "based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." On May 1, 2008, Amendment 715 to the Guidelines became effective, thereby "revis[ing] the manner in which combined offense levels are determined in cases involving cocaine base ("crack cocaine") and one or more other controlled substance." U.S.S.G. app. C, Amend. 715. "Amendment 715 instructs that, once a complete offense level is reached using the equivalent amount of marijuana for all controlled substances, the court should subtract two levels," except in certain circumstances.[4] *United States v. Frazier*, No. 09–6284, 338 Fed.Appx. 326, 327, 2009 WL 2256954, at *1 (4th Cir. Jul. 29, 2009). Amendment 715 applies retroactively, *United States v. Harris*, No. 08–2478, 331 Fed.Appx. 942, 943 n. 3, 2009 WL 1483145, at *1 n. 3 (3d Cir. May 28, 2009), but reduction of an eligible defendant's sentence "is not automatic and is left within the discretion of the District Court[,]" *United States v. Nabried*, 310 Fed.Appx. 529, 531 (3d Cir.2009).

## III.

Davis contends that he should be resentenced based on a TOL of 33, reduced from 35. (Def's Br. 2) (citing U.S.S.G. § 2D1.1, app. note 10(D)(i)). The Government concedes that Davis is eligible for a sentence reduction. However, the parties disagree with respect to whether Davis

---

**2.** Davis's offenses carried a statutory maximum sentence of life imprisonment. See 21 U.S.C. § 841(b)(1)(A). As a result, his base offense level under U.S.S.G. § 4B1.1(b) was 37. With a three level downward adjustment for acceptance of responsibility, the resultant offense level under § 4B1.1(b) was 34.

**3.** The applicable version of the Sentencing Guidelines were those effective as of November 1, 2006.

**4.** No two level reduction applies under Amendment 715 if "the offense involved 4.5 kg or more, or less than 250 mg, of cocaine base" or "the 2–level reduction results in a combined offense level that is less than the combined offense level that would apply ... if the offense involved only the other controlled substance(s) (*i.e.*, the controlled substance(s) other than cocaine base)." U.S.S.G. app. C, Amend. 715. Neither exception to Amendment 715 applies to the instant case.

should receive a reduction of two levels (to 33) or just one level (to 34).

The Government contends that Davis's status as a career offender under § 4B1.1 limits the extent of the sentence reduction for which he would otherwise be eligible. The Court agrees.

The proper procedure for a § 3582 resentencing is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines ... had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1); *see United States v. Vautier*, 144 F.3d 756, 760 (11th Cir.1998) ("[T]he court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed.... All other guideline application decisions made during the original sentencing remain intact.").

If Amendment 715 been in place at the time of Davis's original sentencing, the applicable TOL for his offense conduct would have been 33. Davis's status as a career offender is unaffected by any subsequent amendments to the sentencing guidelines—both at the time of his original sentencing and now, his TOL under § 4B1.1 is 34. Because Davis's TOL under § 4B1.1 is greater than the TOL that would otherwise apply, his recalculated TOL is 34. *See* U.S.S.G. § 4B1.1(b). Davis's CHC remains VI.

At the original sentencing, the Court granted Davis a downward departure of five levels, from 35 to 30, pursuant to U.S.S.G. § 5K1.1. The parties agree that the Court should likewise depart downwards five levels for resentencing purposes. The Court will do so, and resentence Davis based on an offense level of 29 and a CHC of VI, corresponding to an advisory sentencing range of 151 to 188 months. As done at the original sentencing, the Court will impose a prison term on Davis of six months greater than the lower boundary of the advisory sentencing range.

## IV.

For the reasons set forth above, the Court will grant Davis's Motion for a Sentence Reduction. Davis's sentence will be reduced from 174 months to 157 months. An appropriate Order will issue.