NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4308
_____

UNITED STATES OF AMERICA

v.

TRACY J. WASHINGTON,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 1:09-cr-00172-01)
Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
Submitted: September 20, 2012
_____

Before: AMBRO, GREENAWAY, JR., and O'MALLEY[*], *Circuit Judges.*

(Opinion Filed: November 28, 2012 )
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant Tracy J. Washington ("Washington") appeals the District Court's

November 29, 2011 Judgment and sentence of 188 months' imprisonment.  Washington

_____

[*]Hon. Kathleen M. O'Malley, Circuit Judge, United States Court of Appeals for the
Federal Circuit, sitting by designation.

pled guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and to possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g). Washington was sentenced to 240 months' imprisonment. After sentencing, Washington appealed, seeking, among other things, the application of the Fair Sentencing Act of 2010 to reduce his sentence. We remanded, and at re-sentencing, Washington was sentenced to 188 months' imprisonment. Washington now contends that his sentence is substantively unreasonable. For the following reasons, we affirm the District Court's Judgment and sentence.

## I.    BACKGROUND

Because we write primarily for the benefit of the parties, we recount only the essential facts. In May 2009, Washington was charged with possession of five grams or more of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and with possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g). On June 4, 2010, pursuant to a written plea agreement, Washington pled guilty to both counts.

In its Presentence Report, the Probation Department calculated Washington's Sentencing Guidelines offense level at 34, after applying a reduction for acceptance of responsibility and after applying an enhancement because of the career offender provision in § 4B1.1 of the Guidelines.[1] The PSR's offense level calculation also included a four-level enhancement for possession of a firearm by a previously convicted

---

[1] This provision applies to a defendant convicted of three or more felony offenses that are appropriately characterized as crimes of violence or controlled substance offenses.

felon, pursuant to U.S.S.G. § 2K2.1(b)(6).

At the first sentencing hearing on December 29, 2010, Washington objected to the four-level enhancement. The District Court initially overruled the objection but later sustained it after hearing further argument; however, the total offense level did not change because of the application of the career offender provision of the Guidelines. The District Court imposed a sentence of 240 months' imprisonment, followed by eight years of supervised release. Washington filed a timely appeal.

During the pendency of his first appeal, the United States Attorney General issued a change in the Department of Justice's policy regarding the retroactive application of the Fair Sentencing Act of 2010. Washington had raised the issue of the application of the Fair Sentencing Act at his sentencing, and as a result, the Government requested that this Court remand the case for re-sentencing under the new policy. This Court granted the request and remanded the case for re-sentencing.

The District Court conducted the re-sentencing on November 21, 2011. The second Presentence Report calculated Washington's offense level at 31 with a Guidelines range of 188 to 235 months' imprisonment. At re-sentencing, the District Court both incorporated its findings from the initial sentencing hearing and made new findings about Washington's family history, health, substance abuse problems, participation in rehabilitation programs, and the circumstances surrounding the arrest for the underlying offense and previous convictions. The District Court then reduced Washington's prison term from 240 to 188 months' imprisonment and his term of supervised release from eight to six years. Washington timely appealed.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review the District Court's sentencing decision under an abuse of discretion standard. Rita v. United States, 551 U.S. 338, 364 (2007) (citing United States v. Booker, 543 U.S. 220, 261-62 (2005)); United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

## III. ANALYSIS

Washington's arguments appear to be two-fold. First, Washington argues that the directive under U.S.S.G. § 4B1.1, that a career offender's sentence should be at or near the maximum term authorized, violates United States v. Booker because it makes the Guidelines mandatory and inhibits the sentencing court's ability to treat the Guidelines as advisory. Second, Washington argues that his sentence of 188 months is substantively unreasonable and that the District Court abused its discretion by (1) unreasonably designating him a career offender, (2) failing to grant a downward variance based on Washington's contention that the career offender designation overrepresented his criminal history and based on Washington's age and participation in multiple post-sentence rehabilitation programs, and (3) incongruently failing to apply the downward variance at re-sentencing that it applied at the initial sentencing hearing.

A. *Career Offender Provision*

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory. Instead, they are advisory.

4

We have not directly addressed whether <u>Booker</u> also made the career offender provision of the Guidelines advisory.[2] We have consistently held, however, that in compliance with <u>Booker</u>, a district court's first step in determining a defendant's sentence must be to "calculate the correct guidelines range applicable to a defendant's particular circumstances." <u>United States v. Cooper</u>, 437 F.3d 324, 330 (3d Cir. 2006), <u>abrogated on other grounds by</u> <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007). We continue to agree and note that a sentencing court must calculate the correct sentence under the Guidelines, including, if applicable, the career offender provision under U.S.S.G. § 4B1.1. Here, the District Court correctly applied the career offender provision. <u>Booker</u> was not violated.

B. *Substantive Unreasonableness*

Washington's second argument is that his sentence is substantively unreasonable. When reviewing a sentence for substantive reasonableness, the district court's decision is "accord[ed] great deference." <u>United States v. Lessner</u>, 498 F.3d 185, 204 (3d Cir. 2007). In evaluating substantive reasonableness, the appellate court should take into account the totality of the circumstances. <u>United States v. Lychock</u>, 578 F.3d 214, 218 (3d Cir. 2009) (citing <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007)). "[T]he touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." <u>United States v. Grier</u>, 475 F.3d 556, 571 (3d Cir. 2007) (en banc).

---

[2] However, we have addressed this issue previously in a not precedential opinion. <u>Nabried v. United States</u>, 199 F. App'x 102 (3d Cir. 2006) (rejecting the argument that the career offender provision violates <u>Booker</u>).

Specifically, Washington argues that his sentence is substantively unreasonable and that the District Court abused its discretion by (1) unreasonably designating him a career offender, (2) failing to grant a downward variance based on Washington's contention that the career offender designation overrepresented his criminal history and based on Washington's age and participation in multiple post-sentence rehabilitation programs, and (3) incongruently failing to apply a downward variance at re-sentencing as it had at Washington's initial sentencing. None of these arguments has merit.

As an initial matter, Washington's argument that the career offender designation is inappropriately applied has no legal foothold. The Guidelines state that a defendant is a career offender if the defendant was at least eighteen years old at the time of the underlying offense, the underlying offense is a felony, and the defendant has at least two prior felony convictions. U.S.S.G. § 4B1.1(a). It is undisputed that Washington satisfies all three requirements, and as such, the District Court properly applied this designation.

Additionally, there is no evidence that the District Court abused its discretion in failing to grant a downward variance at re-sentencing. In explaining a sentence, a district court is obligated to "set forth enough to satisfy the appellate court that [it had] a reasoned basis for exercising [its] own legal decision making authority." Rita v. United States, 551 U.S. 338, 351 (2007). The record demonstrates that, at both the initial sentencing and re-sentencing, the District Court engaged in meaningful consideration of the § 3553(a) factors, including hearing arguments on and addressing the details of Washington's past crimes, as well as his age and participation in post-sentencing rehabilitation programs. See United States v. Merced, 603 F.3d 203, 218-20 (3d Cir.

6

2010) (requiring a sentencing court to give a reasoned, coherent, and sufficiently compelling explanation when granting a downward variance on the basis of a policy disagreement with the career offender Guideline).  In fact, the sentence confirms that the District Court did consider Washington's criminal history, age and participation in rehabilitation programs, among other factors, because his sentence is at the absolute bottom of the applicable advisory guideline range.  Moreover, the fact that the District Court sustained Washington's objection to the four-level firearm possession enhancement demonstrates that it considered Washington's arguments.

Furthermore, the District Court's decision to vary downwardly from the first calculated Guideline range, and not to vary downwardly from the second calculated Guideline range, is well within the District Court's broad discretion.  Additionally, this Court has emphasized that sentences falling within the advisory Guidelines range are more likely to be reasonable than those falling outside of that range.  See United States v. Olfano, 503 F.3d 240, 245 (3d Cir. 2007).  The final sentence of 188-months' imprisonment is at the low end of the Guidelines range.

The sentence imposed here is not substantively unreasonable, and the District Court did not abuse its discretion in rendering this sentence.

## IV.    CONCLUSION

For the reasons set forth above, we shall affirm the Judgment and sentence of the District Court.